**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| AVANZALIA SOLAR, S.L. and <br> AVANZALIA PANAMÁ, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> GOLDWIND USA, INC., d/b/a <br> GOLDWIND AMERICAS, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 20-cv-05035 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**AVANZALIA'S RESPONSE IN OPPOSITION TO GOLDWIND'S BILL OF COSTS**
**AND MOTION TO STAY DECISION ON COSTS PENDING APPEAL**

Plaintiffs Avanzalia Solar, S.L. and Avanzalia Panamá, S.A. ("Avanzalia"), through their undersigned counsel, respond and object to the bill of costs ("Goldwind's Motion" (Dkt. 183)) filed by Defendant Goldwind USA, Inc., d/b/a Goldwind Americas ("Goldwind"). Goldwind seeks taxation of costs in the total amount of $182,661.56. Goldwind's Mot. § I, p. 2. Avanzalia submits that Goldwind should receive no more than $21,303.07.[1]

Avanzalia submits that any cost award to Goldwind should be significantly reduced for several reasons. *First*, Goldwind has not met its burden to show the Court that the requested costs were reasonable and necessary for its defense. For instance, Goldwind wants Avanzalia to pay for real-time feeds *in Spanish* during depositions even though its counsel does not speak Spanish. *Second*, Goldwind has failed to provide the Court with sufficient details to enable the Court to scrutinize Goldwind's costs. Instead, Goldwind relies on self-serving affidavits and vague invoices to prove up its costs. *Third*, Goldwind seeks costs for deposition video recordings, while also seeking costs for transcripts and translation of documents, which is not authorized by law. *See Top Tobacco, L.P. v. N. Atl. Operating Co.*, No. 06 C 950, 2007 U.S. Dist. LEXIS 28543, at *21 (N.D. Ill. Apr. 17, 2007) (Kennelly, J.) (noting that the general rule is that a party may not recover both video and transcript costs); *see also Kouichi Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 575 (2012) (holding that document translation is not taxable under § 1920(6)); *Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 728 (7th Cir. 2008) (holding that document translation is not taxable under § 1920).

In any event, Avanzalia respectfully requests that the Court stay its decision on costs, or in the alternative, stay the payment of costs pending appeal. *See Bacerott v. Smetters*, 2017 U.S. Dist. LEXIS 126500, at *1 (N.D. Ill. Mar. 6, 2017) (Shah, J.) (costs ruling deferred, despite waiver

---

[1] *See infra* § Summary of Costs, starting at page 13 for a detailed breakdown of costs Goldwind is seeking versus costs taxable by law.

1

of objections, until conclusion of appeal). Avanzalia filed a notice of appeal on February 17, 2023. Dkt. 182.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 54(d)(1), costs should be allowed to the prevailing party unless the court otherwise directs. The Court may tax only those costs identified in 29 U.S.C. § 1920: (1) fees of the clerk and marshal; (2) fees for transcripts necessarily obtained for use in the case; (3) witness fees and expenses; (4) fees for copies of papers necessarily obtained for use in the case; (5); docket fees; and (6) compensation for court-appointed experts and interpreters. As a matter of black-letter law, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it. *In re Testosterone Replacement Therapy Prods. Liab. Litig.*, 2022 WL 4119805, at *2 (N.D. Ill. Sep. 10, 2022) (Kennelly, J.). The party seeking costs "carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009).

Items proposed by winning parties as costs should always be given careful scrutiny. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235 (1964). The party seeking costs must provide sufficient descriptive information allowing the court to determine whether the costs sought are reasonable and necessary. *Buffone v. Rosebud Rests., Inc.*, No. 05 C 5551, 2006 U.S. Dist. LEXIS 80726, at *8 (N.D. Ill. Oct. 31, 2006). If a cost is vague, the court may find that it is not "necessary" to the litigation. *In re Testosterone*, 2022 WL 4119805, at *3. Additionally, if a cost is for convenience—for example, synchronizing video depositions with their transcript—it is not considered reasonably necessary. *Id.*; *see also Thayer v. Chiczewski*, No. 07 CV 1290, 2010 U.S. Dist. LEXIS 80752, at *25 (N.D. Ill. Aug. 4, 2010) (lowering the requesting party's claimed cost

2

related to deposition transcripts because the itemization of cost for deposition transcripts did not include a breakdown of the cost for the word indexes.)

## ARGUMENT

### A. Goldwind is seeking $14,172 under 28 U.S.C. § 1920(1) but fails to meet its burden to show this Court that the Letters Rogatory and the Clerk of Court fee were reasonable and necessary to the litigation.

This Court should certainly reject at least $14,172 Goldwind is seeking under 28 U.S.C. § 1920(1). Goldwind claims it incurred $13,650 related to the Service of Letters Rogatory. Dkt. 183-2, S. Blonder Decl. ¶ 2. Yet, Goldwind only relies on non-binding case law to support such an award. Moreover, Goldwind does not explain why the Letters Rogatory were reasonable and necessary to the litigation in light of the discovery timeline. Fact discovery on non-U.S. parties was to be completed by November 18, 2021. Dkt. 45. The Court also directed the parties to initiate any process to take depositions out of the United States by August 9, 2021. *Id*. Goldwind could have filed its motions for Letters Rogatory for Grupo TSK as early as November 24, 2020, and for Avanzalia's PPA customers as early as January 19, 2021, when the subjects of its foreign discovery were disclosed by Avanzalia. Ex. 1, Ugarte Decl., Ex. 1-1, Avanzalia's Rule 26(a)(1) Initial Disclosures (disclosing Robert Alvarez, construction Director of TSK as a Third Party with relevant information); Ex. 1-2, Avanzalia's Resp. and Obj. to Goldwind First Set of Interrogs, Avanzalia's response to Goldwind's Interrogatory Number 1 (identifying customers that had entered into PPAs with Avanzalia). Put simply, Goldwind sat on its hands for months and waited to file these two motions for Letters Rogatory on August 9, 2021 and August 18, 2021. Dkt. 48 and 51. As a sophisticated party, Goldwind clearly knew that waiting until the last day of discovery to serve its foreign discovery requests ran the significant risk of resulting in late receipt of discovery responses. In fact, Goldwind did not receive responses to its Letters Rogatory until December 2022, months after its motion for summary judgment was fully briefed. *See* Dkt. 177.

Furthermore, Goldwind does not describe the contents of its Letters Rogatory nor explain why the requests were reasonable and necessary to the litigation. For these same reasons, Goldwind also fails to meet its burden to explain to this Court why the $359.50 Service of Clerk fee, in relation to the Letters Rogatory, was reasonable and necessary to the litigation. Goldwind's Mot at §II (B), p. 5.

### B. Goldwind is seeking $128,564.09 under 28 U.S.C. § 1920(2); however, Goldwind is entitled to $17,379.15 at best.

*Final English Transcripts noticed by Goldwind—Requested Cost $10,806.50*

Goldwind seeks reimbursement of $21,385.60 for the English-language transcripts it received and paid for. *Id*. p. 7. This Court should only grant Goldwind the costs of the English-language transcripts for depositions that Avanzalia noticed, which at most would be $9,964.50. The final transcripts have large indexes within them, and Goldwind has not defined what portion of the transcript is the witness's testimony versus what portion of the transcript is the index, which is not taxable. *Thayer*, 2010 U.S. Dist. LEXIS 80752, at *25. The total costs of English-language transcripts that Avanzalia noticed is $10,579.10, however, this cost includes large indexes[2] the cost of which is not taxable. The maximum taxable amount by law for the English-language transcripts is $9,964.50.

Goldwind should be denied the cost of English-language transcripts for depositions it noticed because Goldwind failed to meet its burden to show that such deposition testimony was reasonable and necessary for Goldwind's use in the litigation. For example, Goldwind noticed

---

[2] *See* Ex. 1-3, Ugarte Decl., table showing witnesses noticed by Avanzalia, the page count being claimed by Goldwind (listed as Column "Number of pages claimed by Goldwind") versus page count excluding the index (listed as Column "Number of pages without Index-through Court Reporter Certification Page"). The fourth column lists the amounts Goldwind is seeking to recover by transcript and the fifth column is the maximum recoverable amount by law.

4

Ronald Jimenez,³ a person who did not become an employee of Avanzalia until November 11, 2020—which was six months *after* Goldwind sold the substation in question.⁴

*Final Transcripts in Spanish—Requested Cost $11,601.70*

Goldwind cannot explain why final transcripts in Spanish are reasonable and necessary for Goldwind's use in the litigation. Neither of Goldwind's counsel of record: Steven P. Blonder —Dkt. 10— ; Josh M. Leavitt —Dkt. 11— speak or read Spanish. Additionally, Jorge Buitrago, one of the Goldwind's main witnesses, speaks English fluently, having gone to university in the United States—Ex. 1-4, Ugarte Decl., J. Buitrago LinkedIn Profile—and still chose to testify in Spanish, despite understanding English.

*Real-Time Feeds: English Real Time: $4,671.62; Spanish Real Time: $10,179.00*

Goldwind claims that real-time feeds were necessary and reasonable because Avanzalia demanded the real-time feeds and because there were "frequent lengthy interpretation services" that resulted in repeated translation-related objections by Avanzalia's counsel during the depositions. Goldwind's Mot. p. 8. Goldwind makes no claims as to whether Avanzalia's objections were unwarranted. Nor can Goldwind simply rely on Avanzalia's request for real-time feeds, to justify its own request, particularly as to the Spanish real time feeds. In contrast to Avanzalia, whose entire corporate personnel speak Spanish as their primary language, Goldwind's fact witnesses were nearly all native English speakers who do not speak Spanish. Furthermore, as mentioned previously, Goldwind's counsel that took and defended depositions where the witness testified in Spanish did not speak Spanish, and therefore, would have no need for these feeds.

---

³ Avanzalia's Rule 26(a)(1) disclosures do not list Ronald Jimenez as a witness, and Avanzalia was, quite frankly, surprised by Goldwind's insistence on deposing Mr. Jimenez, as Mr. Jimenez was not an employee of Avanzalia until months *after* Goldwind sold the El Coco Substation (*see supra* n.4).

⁴ *Goldwind Sells Stake in Panamanian Wind Project* (May 13, 2020)
https://www.goldwindamericas.com/news/goldwind-sells-stake-panamanian-wind-project (last visited Mar. 13, 2023).

*Rough Drafts: Requested Cost $6,156.17*

Goldwind alleges that rough drafts were needed due to a compressed deposition schedule. However, this is not true for every deposition taken. No compressed deposition schedule existed for the following depositions, for example:

1. Goldwind former employee David Halligan was deposed 7/19/2021, with the next scheduled deposition weeks away. Cost of rough draft: $254.37. Ex. B-3, Blonder Decl., p. 17.
2. Avanzalia employee Enrique Lorente was deposed 9/9/2021, with the next scheduled deposition not until 9/30/2021. Cost of rough drafts: $735.00. *Id*.
3. Goldwind expert witness Andres Alva, whose deposition was the last deposition in this matter. Cost of rough draft: $232.90. *Id*.

Additionally, the following depositions related to subject matter unrelated to the claims and defenses asserted by Goldwind and Avanzalia in the litigation, rendering the cost of a rough draft unnecessary:

1. Goldwind employee Susan Dzyacky was deposed 12/20/2021. Cost of rough draft: $56.25. *Id*.
2. Goldwind employee Lauren LaMarche was deposed 12/20/2021. Cost of rough draft: $18.00. *Id*.
3. Goldwind's subcontractor Jason Noble was deposed 12/20/2021. Cost of rough draft $37.50. *Id*.

*Copies of videotaped depositions: Requested Cost $34,570.00*

Goldwind claims that videotapes are warranted due to Covid-19 and because the witnesses are not under the subpoena power of this Court. Goldwind's Mot. p. 10. However, Goldwind does not explain what Covid restrictions existed at the time the depositions were scheduled and conducted or how that would have necessitated such videotapes. Goldwind also claims it was hedging against future travel restrictions that might affect the ability of witnesses to travel. Goldwind's position is belied by the fact that Goldwind made no inquiry into whether Avanzalia's party witnesses would be able to travel for any potential trial.

6

Of the fact witnesses[5] deposed, the following witnesses are current employees of the parties:

1. Enrique Lorente (Avanzalia)
2. Jorge Buitrago (Goldwind)
3. Carlos Galdon (Avanzalia)
4. Ramon Pernas (Avanzalia)
5. Erasto Espino (Avanzalia)
6. Ronald Jimenez (Avanzalia)
7. David Sale (Avanzalia)
8. Tracy Allen (Goldwind)

The following are within the subpoena power of this Court:

1. David Halligan
2. Nurdin Bi
3. Saad Qais
4. Raquel Justa

The following three were deposed for reasons unrelated to the claims at stake in this litigation:

1. Jason Noble
2. Lauren LaMarche
3. Susan Dzyacky

In fact, there are only four witnesses that are truly not within the subpoena power of this Court, all noticed by Goldwind:

1. Alvin Ruiz – Resident of Panamá
2. Ivan Furones – Resident of Spain
3. Eduardo Benson – Resident of Panamá
4. Brian Blakely – Resident of the United States

In addition to failing to accurately describe the availability of potential witnesses to travel in the event there was a trial, Goldwind has not articulated the need for why the copies of video depositions are reasonable and necessary for the litigation. Goldwind claims that the video

---

[5] Selva Quintero is both a fact and expert witness for Goldwind. Because Ms. Quintero is also an expert witness for Goldwind, Avanzalia did not include her in these lists.

depositions are necessary to impeach or challenge the credibility of a witness at trial but offers no reason why Goldwind would not be able to use the final transcript to do exactly that. Goldwind has not provided any support for why this Court should depart from the "general rule that a party may not recover both video and transcript costs." *Top Tobacco, L.P.*, 2007 U.S. Dist. LEXIS 28543, at *21. Potential impeachment is not necessarily a proper basis for taxing videotape deposition costs. *Id.* at *20.

*Court Reporter fees—various:*

1. Court reporter appearance fees—English Court Reporter attendance fee: $2,592.50; Spanish Court Reporter attendance fee: $8,025.00.

As discussed above—see supra § B— Goldwind has not met its burden to show deposition testimony it requested was reasonable and necessary for Goldwind's use in the litigation. If Goldwind has not met its burden to show that the depositions noticed by Goldwind was reasonable and necessary, any related court reporter costs would likewise be not reasonable and necessary. Additionally, Goldwind has not articulated the reason why having two court reporters was reasonably necessary for witnesses testifying in Spanish. Goldwind points to no authority or rule citing the fact that the cost for two court reporters for witnesses testifying in Spanish is taxable. Goldwind also states there is no maximum published rate for a court reporter transcribing in Spanish, as if the Court meant to differentiate between court reporters who transcribe in English versus any other language. Moreover, as discussed above, Goldwind's counsel taking and defending depositions do not speak Spanish, further detracting from the need to have a Spanish-language court reporter. Lastly, as discussed above, one of Goldwind's own witnesses, Jorge Buitrago, speaks English.

    2. <u>Overtime costs—English Court Reporter: $9,873.50; Spanish Court Reporter: $12,312.50</u>.

Goldwind claims that overtime charges were incurred due to the witness speaking a language other than English. Goldwind also claims that the parties had agreed that the deposition of certain witnesses would be conducted at times that would incur overtime charges because of the start times of depositions, the length of time the deposition took (because of translation) and/or the fact that the witness was residing in a foreign county in a foreign time zone. However, these reasons do not apply to all costs incurred related to overtime.

For instance, Goldwind is seeking reimbursement of overtime costs of the court reporter for the deposition of Virgil Rose, Avanzalia's expert, who testified in English, whose deposition was not in a foreign country, and when start time of that deposition was during regular hours. Therefore, any overtime cost incurred for the deposition of Mr. Rose was due to Goldwind's own actions. The claimed overtime cost incurred for the deposition of Mr. Rose was $112.00. Goldwind is also seeking reimbursement of overtime costs of the court reporter for the deposition of Dr. Arturo Hoyos, Avanzalia's expert, who testified in English. Although Dr. Hoyos testified in Panamá, the time zone was equivalent to Eastern Standard Time. The overtime cost incurred for the deposition of Dr. Hoyos was $75.00. Further, Goldwind seeks reimbursement of overtime costs of the court reporter for the deposition of Ivan Furones, a witness noticed by Goldwind. Mr. Furones testified in English, and while Mr. Furones did testify from Spain, the deposition started at 8:01 a.m. Central Time, and ended two hours later, by 10:04 a.m. Central Time. The overtime cost incurred for the deposition of Mr. Furones was $75.00.

For the remaining witnesses, the overtime charges incurred are not adequately explained. For example, it is unknown why there are two identical charges for some witnesses, like Ramon Pernas and Enrique Lorente. *See* Ex. B-3, Blonder Decl. p. 17, showing two charges in column

9

"Attendance Before & After." Further, as discussed previously, Goldwind's counsel that took and defended depositions where the witness testified in Spanish were not themselves Spanish speakers, and therefore had no need for a court reporter to transcribe the deposition in Spanish. Additionally, Goldwind's counsel notes that overtime charges were incurred due to the length of time of the depositions; however, they fail to mention that they noticed the majority of depositions where the witness testified in a language other than English.

    3. <u>Other costs—Display of Exhibits and Veritext Virtual Services</u>.

Goldwind fails to identify which exhibits were used that incurred costs, nor does Goldwind explain how such exhibits were essential to understanding the issues in the case. *Buffone v. Rosebud Rests., Inc.*, No. 05 C 5551, 2006 U.S. Dist. LEXIS 80726, at *8–9. Goldwind is seeking the following requested costs related to exhibits: Exhibit Share: $4,408.75 and Exhibits: $2,540.25. Goldwind's Mot. p. 13.

Goldwind provides no explanation as what the Advanced Technology Services/ Connectivity, Veritext Virtual Service, and the Veritext Exhibit Package fees were for, other than to claim that they were related to the technology for conducting a remote electronic deposition. *Id*. Goldwind provides no explanation as to the purpose for these vague fees, preventing this Court from scrutinizing the requested costs. Further, as referenced previously, several of the witnesses were within the subpoena power of this Court, and Goldwind has provided no reason why those depositions could not have been held in person, avoiding these costs altogether.

10

**C. Goldwind is seeking $20,180.72 under 28 U.S.C. § 1920(4). This Court should only award $3,761 related to its eDiscovery costs and not award its requested costs related to exemplification and copies, as Goldwind has failed to demonstrate why such costs were reasonable and necessary to the litigation and document translation is not taxable as a matter of law.**

*Photocopying costs*

Goldwind is claiming $144.25 in photocopying costs but does not articulate what was photocopied and has not met its burden of explaining why these photocopies are reasonable and necessary to the litigation.

*Cost of document translation*

Goldwind is seeking $16,274.75 for the cost of translation of documents under 28 U.S.C. § 1920(4). Translations of documents are not taxable. *Extra Equipamentos E Exportacao Ltda.*, 541 F.3d 719, 728; *Horizon Hobby, Inc. v. Ripmax Ltd.*, No. 07-CV-2133, 2009 U.S. Dist. LEXIS 96255, at *20–22 (C.D. Ill. Oct. 15, 2009). Additionally, Goldwind has not met its burden of explaining how the translated documents were used, nor has it explained how the documents were necessary for the litigation. For some documents, Avanzalia has no idea what documents Goldwind translated. For example, Goldwind provided an invoice of $6,207.76 for the translation of documents with file names that make it impossible to discern what exactly was translated: "File [6—Spanish (2016_03_09)]"; "File [14 – Spanish]", "File [15 – Spanish]"; "File [19 – Spanish]." Ex. B-4, Blonder Decl., p. 90. This is woefully insufficient.

**D. Goldwind is seeking $19,744.25 under 28 U.S.C. § 1920(6). This Court should not award any of its requested costs as Goldwind has not met its burden in providing sufficient detail on how such expenses were incurred, and in any event, translation of documents is not taxable under 28 U.S.C. § 1920(6).**

Goldwind provided a table purporting to be deposition expenses incurred. Ex. B-4, Blonder Decl., p. 17. The table is broken up by deponent, and the supplied invoices for the

11

following individuals lists only the total amount for "Translation & Interpretation" with no further detail of what that means, or how the total cost is allocated to Translation versus Interpretation:

1. Carlos Galdon: Invoiced amount: $2,400. *Id.*, p. 28.
2. Ramon Pernas: Invoiced amount: $2,400. *Id.* at p. 33.
3. Erasto Espino: Invoiced amount: $3,300. *Id.* at p. 35.
4. Ronald Efrain Jimenez Diaz: Invoiced amount: $2,400. *Id.* at p. 37.
5. Alvin Ruiz: Invoiced amount: $2,500. *Id.* at 47.
6. Enrique Lorente: Invoiced amount: $2,750. *Id.* at p. 52.
7. Invoice Number 5402237 – Invoiced amount: $2,700. This invoice notes "Ramon Pernas and Enrique Lorente" but does not provide any other detail, such as time billed per witness. *Id.* at p. 59.

Further, these invoiced rates refer to "Translation and Interpretation." The Supreme Court of the United States has ruled that document translation under Section 1920(6) is not taxable. *Kouichi*, 566 U.S. 560, 562. Goldwind has acknowledged as such. Goldwind's Mot. p. 17. Additionally, the invoices do not provide sufficient detail to determine what percentage of the time is for translation versus interpretation. As a result, this Court should not award Goldwind's requested costs claimed of $19,744.25 under 28 U.S.C. § 1920(6).

### E. The Court should stay the decision on costs pending appeal and, in the alternative, stay the payment of costs pending the outcome of the appeal.

Avanzalia's appeal is now pending before the Seventh Circuit. Dkt. 187. If the Court were to award costs to Goldwind now, a reversal by the Seventh Circuit would alter a finding of the "prevailing party" under Fed. R. Cip. P. 54(d)(1), eliminating Goldwind's right to seek costs, and would result in waste if the Court were to award costs prior to resolution of the pending appeal.

If the Court declines to stay an award of costs, this Court should stay enforcement of the award pending appeal, a practice that is common in this District. *E.g.*, *In re Dairy Farmers of Am., Inc., Cheese Antitrust Litig.*, 80 F. Supp. 3d 838, 862 (N.D. Ill. Feb. 20, 2015); *Allen v. City of Chi.*, No. 10 C 3183, 2016 U.S. Dist. LEXIS 34063, at *32 (N.D. Ill. Mar. 16, 2016); *Bacerott*, 2017 U.S. Dist. LEXIS 126500, at *1.

## SUMMARY OF COSTS

*§ 1920(1): Fees of the Clerk and Marshal (State Department)*

| Description of Requested Cost | Goldwind's requested amount | Amount taxable under law |
|---|---|---|
| Service of Letters Rogatory | $13,650.00 | $0.00 |
| Clerk of Court Fee | $359.50 | $0.00 |
| Service of subpoenas from private process servers | $162.50 | $162.00 |

Total amount requested by Goldwind under § 1920(1):     $14,172.00.

Total amount recoverable under law:     $162.00.

*§ 1920(2): Fees of the Court Reporter*

| Description of Requested Cost | Goldwind's requested amount. | Amount taxable under law |
|---|---|---|
| English transcripts depositions that Avanzalia noticed | $10,579.10 | $9,964.50 |
| English transcripts of depositions Goldwind noticed | $10,806.50 | $0.00 |
| Spanish transcripts of depositions | $11,601.70 | $0.00 |
| Real time feed court reporter: English | $7,671.62 | $0.00 |
| Real time feed court reporter: Spanish | $10,179.00 | $0.00 |
| Rough drafts of depositions | $6,156.17. | $4,822.15 |
| Copies of videotaped depositions | $34,570.00 | $0.00 |
| Court Reporter appearance fees- English | $2,592.50 | $0.00 |
| Court Reporter appearance fees- Spanish | $8,025.00 | $0.00 |
| Court Reporter Overtime Costs- English | $9,837.50 | $0.00 |
| Court Reporter Overtime Costs- Spanish | $12,312.50 | $0.00 |
| Other Costs: Advanced Technology Services/Connectivity | $3,100.00 | $0.00 |
| Veritext Virtual Services | $3,540.00 | $0.00 |
| Exhibit Share | $4,408.75 | $0.00 |

| | | |
|---|---|---|
| Exhibits | $2,540.25 | $0.00 |
| Veritext Exhibit Package | $481.00 | $0.00 |

Total amount requested by Goldwind under § 1920(2):     $128,564.09.[6]

Total amount recoverable under law:     $17,379.15.

*§ 1920(4): Fees for exemplification and copying*

| Description of Requested Cost | Goldwind's requested amount | Amount taxable under law |
|---|---|---|
| E-Discovery Costs- OCR/ Riff conversion, etc. | $3,761.92 | $3,761.92 |
| Document translation - Selva expert reports | $6,392.02 | $0.00 |
| Translation of docs for Goldwind's summary judgment | $7,317.53 | $0.00 |
| Photocopying costs | $144.25 | $0.00 |
| State department translations | $2,565.00 | $0.00 |

Total amount requested by Goldwind under §1920(4):     $20,180.72.

Total amount recoverable under law:     $3,761.92.

*§1920 (6): Fees for interpreters*

| Description of Requested Cost | Goldwind's requested amount | Amount taxable under law |
|---|---|---|
| Translation & Interpretation | $19,744.75 | $0.00 |

Total amount requested by Goldwind under §1920(6):     $19,744.75.

Total amount recoverable under law:     $0.00.

Total taxable cost requested by Goldwind:     $182,661.56.

Total taxable cost allowable by law:     $21,303.07.

---

[6] Goldwind is claiming $128,564.09 in its Motion, however, when analyzing Goldwind's itemized costs being claimed under § 1920(2), the actual number is $132,245.42.

## CONCLUSION

Avanzalia respectfully requests that the Court's decision regarding any taxation of costs be deferred until after the resolution of the appeal pending in this matter.

In the alternative, Avanzalia respectfully requests that this Court deny Goldwind's requested costs and only award costs in the amount of $21,303.07. Avanzalia also respectfully requests that this Court stay the payment and enforcement of any amount awarded pending resolution of the appeal in this matter.

Dated: March 14, 2023

Respectfully Submitted,

*/s/ W. Gordon Dobie*
W. Gordon Dobie (WDobie@winston.com)
Ricardo E. Ugarte (RUgarte@winston.com)
Amelia Garza-Mattia (AGarzaMattia@winston.com)
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of March 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

By Counsel,

<u>/s/ Ricardo E. Ugarte</u>
W. Gordon Dobie
Ricardo E. Ugarte
Amelia Garza-Mattia
**Winston & Strawn LLP**
35 West Wacker Drive
Chicago, Illinois 60601
Telephone: (312) 558-5600
Facsimile: (312) 558-5700
*Attorneys for Plaintiffs*